IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHEILA HELMERT and WILMA BROWN,                                                    PLAINTIFFS
and LORI WEST, on behalf of themselves
and others similarly situated

v.                                              No. 4:08CV00342 JLH

BUTTERBALL, LLC                                                                    DEFENDANT

**OPINION AND ORDER**

Sheila Helmert, Wilma Brown, and Lori West brought this action on behalf of themselves and others similarly situated against their former employer, Butterball, LLC, under the Fair Labor Standards Act and the Arkansas Minimum Wage Act. Butterball has moved for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure to prevent the plaintiffs from inspecting their property before the end of 2008. The plaintiffs have responded to the motion, and for the following reasons, the motion is denied.

The plaintiffs filed this lawsuit on April 18, 2008, and amended their complaint on April 23. They allege that they have not been paid for all of their donning and doffing time (both straight time and overtime) in violation of the Fair Labor Standards Act and the Minimum Wage Act of Arkansas. On September 29, 2008, the plaintiffs served Butterball with a "Request for Entry Upon Land for Inspection and Other Purposes." However, the plaintiffs say that the parties have been discussing the need for the plaintiffs to inspect the Arkansas plants since June 25, after Butterball filed its answer. At that time, the parties were also discussing the possibility of mediation. The attempts at mediation broke down in August, and the plaintiffs say that at that time they asked Butterball to provide them with proposed dates for the plaintiffs to inspect the three Arkansas plants. Butterball did not propose dates for inspection at that time.

In the plaintiffs' September 29 Request, they sought permission for their attorneys, consultants, and other relevant people to enter the plant facilities in Batesville, Ozark, and Jonesboro. They requested that "they be allowed to observe, photograph, videotape, and otherwise document the various work shifts of the putative class/collective action members, including all full shift changes and unpaid breaks, as they normally occur during a given workday." They also requested access to all areas to which the putative class/collective action members have access during the workday, including areas where time clocks, personal protective equipment, locker rooms, break rooms, work stations, and sanitation areas are located. The Request called for the inspections to occur November 10-12, 2008. Butterball sent a letter on October 14 proposing that the inspections be delayed until January 12-16, 2009, but did not give a reason for the delay. The plaintiffs responded with a letter on October 20 explaining that they could not wait until January in light of the January 15 deadline for the plaintiffs' motion for conditional class certification. Enclosed with the letter was an "Amended Request for Entry Upon Land for Inspection and Other Purposes," which provided for the dates December 15-17, 2008 if the inspections could not take place in November.

Following the amended request, the parties continued to discuss alternative dates. The plaintiffs initially agreed that they would move the inspections to a date in January, provided that their expert was available and Butterball would push back the deadline for the motion for conditional certification and would agree to toll the statute of limitations until February 19, 2009. Butterball then made it known that they wanted their Vice-President of Human Resources, Gary Lenaghan, to attend all of the inspections, and that he would be unavailable the last two weeks of January. Butterball reiterated its proposal for the inspections to take place in the first two weeks of January, but this was impossible because the plaintiffs' expert was unavailable during the first two weeks of

January, including January 12-16. The plaintiffs have rejected Butterball's proposal and are proceeding with their requested inspection dates of December 15-17.

Butterball filed this motion for protective order to prevent plaintiffs from entering the three Arkansas facilities in December 2008, arguing that it is the busiest time of year for the facilities and that it would be inconvenient for Lenaghan to travel to Arkansas for two to three days in such close proximity to the Christmas holiday.

Rule 26(c) of the Federal Rules of Civil Procedure provides:

> A party or any person from whom discovery is sought may move for a protective order . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms, including time and place, for the disclosure or discovery.

The burden of good cause rests with the party requesting the protective order. *See Iowa Beef Processors, Inc. v. Bagley*, 601 F.2d 949, 954 n.5 (8th Cir. 1979); *see also Reese v. Reyes*, No. 07-5227, 2008 WL 2186330, at *1 (W.D. Ark. May 23, 2008). "The party must make a particular request and a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which would be suffered without one." *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (M.D. N.C. 1991) (citing *Gulf Oil v. Bernard*, 452 U.S. 89, 102 n.16, 101 S. Ct. 2193, 2201 n.16, 68 L. Ed. 2d 693 (1981)). Requiring such a showing "furthers the goal that the Court only grant as narrow a protective order as is necessary under the facts." *Id.*

Butterball offers the following reasons to support is argument that good cause exists to prevent the plaintiffs from inspecting the facilities in December: that December is the busiest time of the year for the turkey processing plants, particularly the plants in Batesville and Ozark, and that

it would be inconvenient for Gary Lenaghan, Vice-President of Human Resources, to attend the inspections. Specifically, Lenaghan's affidavit explains that the Batesville and Ozark plants are "whole bird" plants, meaning that they process live turkeys into fresh, ready-to-cook turkeys, and that their most profitable time of year is from November-December due to the Thanksgiving holidays. During this time, the plants operate 6-7 days per week, according to Lenaghan. He says that having a group of lawyers "inspecting, measuring, surveying, photographing, videotaping, testing, and sampling" at the facilities would not allow the facilities to operate at maximum capacity and would divert the attention of production employees and management. Because the Jonesboro plan is not a "whole bird" plant, inspections there would not be so intrusive. He also says that it is critical for him to attend the inspections since he is responsible for this litigation within the company; however, he does not say he is unable to attend in December nor that his attendance in December would be an undue burden aside from the other burdens on the plants.

The Court has considered the plaintiffs' requested activities while inspecting the plants and Butterball's argument that good cause exists for the inspections not to be allowed in December, and in the Court's discretion there would not be "annoyance, embarrassment, oppression, or undue burden" that requires the inspections to be further delayed with entry of a protective order. The purpose of the inspections is to observe the employees at work in the plant; it would behoove the plaintiffs' attorneys and expert to stay out of the way of production operations in order to accomplish this goal. Other than the inspections taking place close to the holidays, there is no evidence that Gary Lenaghan is unable to attend the December inspections or that there is an undue burden that his attendance in December would cause. For these reasons, Butterball's motion for protective order is denied.

IT IS SO ORDERED this 3rd day of December, 2008.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE