**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

SHEILA HELMERT and WILMA BROWN,                                    PLAINTIFFS
and LORI WEST, on behalf of themselves
and others similarly situated

v.                                        No. 4:08CV00342 JLH

BUTTERBALL, LLC                                                    DEFENDANT

**OPINION AND ORDER**

Sheila Helmert, Wilma Brown, and Lori West brought this action on behalf of themselves

and others similarly situated against their former employer, Butterball, LLC, under the Fair Labor

Standards Act and the Arkansas Minimum Wage Act.  The plaintiffs have moved to compel

Butterball to produce records providing information about the identities, job titles, job locations, and

contact information of hourly production employees who work in Butterball's turkey processing

plants in Huntsville, Ozark, and Jonesboro, Arkansas.  Butterball objects to the requests for that

information and argues that the plaintiffs are not entitled to that information since there is no pending

motion for class or collective action certification and no class has yet been certified.  The plaintiffs

argue that the information is relevant to the certification of a class or collective action and is

reasonably calculated to lead to the discovery of admissible evidence under Federal Rule of Civil

Procedure 26(b)(1).  For the following reasons, the motion is granted.

**I.**

When the parties submitted their Joint 26(f) Report to the Court on September 8, 2008, they

agreed that the discovery should be split into a "pre-certification" phase and a "merits" phase.  The

pre-certification discovery would be limited to the factual circumstances underlying potential

motions for class certification for the state law claims under Federal Rule of Civil Procedure 23 and

for collective action certification under section 216(b) of the Fair Labor Standards Act.

Subsequently, the plaintiffs served Butterball with its First Set of Requests for Production of

Documents on September 29, 2008.  The requests seek to discover information about the names, job

locations, duties, and contact information of Butterball production employees, and Butterball objects

to those requests for several reasons.  Specifically, the requested information is in Request Number

2 and Request Number 3:

> **Request No. 2:**
>
> That portion of your records that shows the location by facility where each
> production employee worked for the three years preceding the date of filing of the
> original Complaint, to the present time.
>
> **Request No. 3:**
>
> That portion of your records that shows the full names, last known addresses, last
> known telephone number, and job titles of each production company employee for
> the three years preceding the date of filing of the original Complaint, to the present
> time.

In addition to objecting on general grounds, Butterball specifically objected to these requests:

> Classwide discovery is premature as no class has been certified by this court and no
> [sic] motion for conditional or class certification under the FLSA or Rule 23 is
> pending.  Butterball does not believe that Plaintiffs are entitled to any lists of
> employees at this stage of the litigation.

The parties attempted to resolve this issue in a telephone conference on November 3, but could not

resolve their differences and this motion to compel followed.

## II.

Under Federal Rule of Civil Procedure 26, a party to a lawsuit "may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense–including the

existence, description, nature, custody, condition, and location of any documents or other tangible

things and the identity and location of persons who know of any discoverable matter." FED. R. CIV.

P. 26(b)(1). This includes "any matter that bears on, or that reasonably could lead to other matter

that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437

U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978). A court may order discovery of any

matter relevant to the action for good cause. FED. R. CIV. P. 26(b)(1). The relevant information does

not have to be admissible at trial as long as the discovery is reasonably calculated to lead to the

discovery of admissible evidence. *Id.* In this "pre-certification" stage of discovery, discovery should

be relevant to the issues surrounding class or collective action certification under Rule 23 of the

Federal Rules of Civil Procedure or section 216(b) of the Fair Labor Standards Act.

## III.

An action under the Fair Labor Standards Act "may be maintained against any employer . .

. in any Federal or State court of competent jurisdiction by any one or more employees for and in

behalf of himself or themselves and the other employees similarly situated." 29 U.S.C. § 216(b).

When considering certification, the question is whether the named plaintiffs have demonstrated,

through pleadings and affidavits, that they are similarly situated to the potential collective action

members. *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937, 941 (W.D. Ark. 2007).

The Fair Labor Standards Act does not define "similarly situated," but it "typically requires a

showing that the plaintiffs and potential class members were victims of a common decision, policy,

or plan of the employer that affected all class members in a similar fashion." *Id.*; *Kautsch v. Premier*

*Commc'ns*, 504 F. Supp. 2d 685, 689 (W.D. Mo. 2007). Under Rule 23, a plaintiff must establish

numerosity, commonality, typicality, and representativeness to certify a class. FED. R. CIV. P. 23(a);

*Resendiz-Ramirez*, 515 F. Supp. 2d at 940 n.5.

The plaintiffs argue that the information about Butterball's employees they seek is relevant because it will help establish that plaintiffs and potential members of the collective action work in similar job positions, perform similar duties, and are all subject to Butterball's common policies requiring employees to don, doff, and clean safety and sanitary equipment.  Butterball argues that this information is unnecessary and premature at the pre-certification stage.   District courts addressing whether to permit discovery of similarly-situated employees' names and addresses in section 216(b) actions have "almost universally" allowed discovery of the information.  *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 673 (D. Kan. 2003).  Although the discovery of such information often involves notice to potential action members after certification, *see Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989), "'provisional certification is not necessarily a prerequisite for conducting limited discovery' for defining the proposed class."  *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 553 (N.D. Ill. 2008) (quoting *Hammond*, 216 F.R.D. at 671).  The information the plaintiffs seek about Butterball's other employees is relevant to whether the plaintiffs are similarly situated to potential collective action members, and the plaintiffs' requests for Butterball to identify those employees and provide contact information is reasonably calculated to discovery of that information.

## CONCLUSION

For the reasons listed above, the plaintiffs' motion to compel is granted.

IT IS SO ORDERED this 15th day of December, 2008.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

4