# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

SHEILA HELMERT and WILMA BROWN,                                               PLAINTIFFS
and LORI WEST, on behalf of themselves
and others similarly situated

v.                               No. 4:08CV00342 JLH

BUTTERBALL, LLC                                                                DEFENDANT

## OPINION AND ORDER

This is a class action brought by Sheila Helmert, Wilma Brown, and Lori West on behalf of themselves and others similarly situated against their former employer, Butterball, LLC, under the Fair Labor Standards Act ("FLSA"). The defendant has filed a motion for clarification of the Court's January 22, 2010, Order directing Butterball to produce an updated class list to the plaintiffs. Butterball first asks the Court to clarify whether it must provide the plaintiffs with information about temporary and contract production personnel. Specifically, Butterball seeks additional time to conduct limited discovery on the issue of whether temporary and contract production personnel are "employees" within the scope of the FLSA. In the alternative, Butterball seeks an additional 45 days to locate and provide the contact information for current and former temporary and contract personnel who worked at Butterball's Ozark and Huntsville Facilities since December 2006. For the following reasons, the Court grants Butterball's motion for clarification and determines that, pursuant to the Court's January 22, 2010, Order, Butterball must provide the plaintiffs with information about temporary and contract production personnel. The Court also grants Butterball's request for a 45-day extension of time in which to provide the information and denies Butterball's request for limited discovery as moot.

**I.**

On January 22, 2010, this Court issued an order directing Butterball to provide the plaintiffs with an updated class list

> containing the last known names, addresses, phone numbers, social security numbers, and other contact information for all individuals who are a part of the FLSA class defined as:
>
>> All persons who are or were employed by Butterball, LLC ("Butterball"), as non-exempt, hourly paid, production employees at Butterball's turkey processing plants located in Huntsville and Ozark, Arkansas, who have been employed by Butterball any time during the three-years prior to the date of the Court's ruling granting certification.

(Order 1, Jan. 22, 2010.) Butterball assumed that this conditionally certified class did not include temporary or contract employees. (Def.'s Br. 9, Feb. 5, 2010.) After Butterball gave the plaintiffs a class list, which did not include temporary or contract employees, the plaintiffs informed Butterball that they wanted contact information for "all employees," including temporary or contract employees. (Def.'s Ex. I, Feb. 5, 2010.) On January 25, 2010, Butterball's counsel sent a letter to the Court requesting a conference on the issue of whether temporary employees fell within the scope of the conditionally certified class. (Def.'s Ex. E, Feb. 5, 2010.) On January 27, 2010, the Court responded that it would not address the issue based upon a letter sent from one of Butterball's attorneys. (Def.'s Ex. F, Feb. 5, 2010.) After several communications with the plaintiffs, Butterball filed this motion.

**II.**

Clarification of an order is within the sound discretion of the district court. *See Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 15, 65 S. Ct. 478, 482, 89 L. Ed. 661 (1945). "The Supreme

Court has encouraged clarification of court orders in order to facilitate compliance with the orders and to prevent 'unwitting contempt' by the parties." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 126 F. Supp. 2d 328, 334 (S.D.N.Y. 2001) (citing *Regal Knitwear Co.*, 324 U.S. at 15, 65 S. Ct. at 482). Here, Butterball "asks the Court to clarify whether it must provide [the plaintiffs with] information that is not maintained in the normal course of business related to temporary and contract production [personnel] . . . prior to the determination of whether such temporary and contract personnel were 'employees' of Butterball under the FLSA." (Def.'s Mot. 1, Feb. 5, 2010.)

In its brief, Butterball urges the Court to permit discovery on the issue of whether temporary or contract employees are "employees" of Butterball for the purposes of this litigation. (*Id.* 2.) The plaintiffs respond by asking Butterball to identify exactly what discovery it needs to conduct on the issue. (Pl.'s Br. 16 n.11, Feb. 22, 2010.) Butterball contends that it needs to discover "the relationship between the temporary and contract employees and the personnel they provide." (Def.'s Reply Br. 7, Mar. 3, 2010.) Butterball argues that the parties must review Butterball's agreements with the contract and temporary companies and interview and depose representatives of those companies as well as a representative sample of temporary employees in order to determine whether those contract and temporary employees are employees of Butterball. (*Id.* 7-8.)

This Court disagrees. Whether the term "employee" encompasses both temporary and contract employees at Butterball's Ozark and Huntsville facilities is a question of law, not fact. Because this is an FLSA action, and "employee" is used to define the scope of an FLSA class, this Court intended to apply the definition of "employee" set forth in the FLSA when it issued its January 22, 2010, Order. The FLSA defines "employee" broadly to include "any individual employed by an employer." 29 U.S.C. § 203(e)(1) (2006). "Employ" means "to suffer or permit to work." 29 U.S.C.

§ 203(g). An "employer" is any person "acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Thus, based on the language of the statute, an employee is any individual who is permitted to work by one acting directly or indirectly in the interest of an employer.

If the language of the FLSA is not clear enough, case law supports a broad definition of "employee." The FLSA "stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326, 112 S. Ct. 1344, 1350, 117 L. Ed. 2d 581 (1992). The definition is "necessarily a broad one, in accordance with the remedial purpose of the FLSA." *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 66 (2d Cir. 2003). Case law also dictates that whether an individual is an "employee" is to be interpreted in light of the "economic reality" of the relationship between the parties involved. *Goldberg v. Whitaker House Co-op, Inc.*, 366 U.S. 28, 33, 81 S. Ct. 933, 936, 6 L. Ed. 2d 100 (1961). "Where the work done, in essence, follows the usual path of an employee, putting on an 'independent contractor' label does not take the work from the protection of the Act." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729, 67 S. Ct. 1473, 1476, 91 L. Ed. 1772 (1947).

Courts have derived a variety of tests to determine whether defendants are employers under the FLSA.[1] In the Eighth Circuit and this district, courts look to factors "such as the control of hiring and firing of employees, control of the manner in which work is performed, and the fixing of

---

[1] The United States District Court for the Eastern District of Missouri applies a six-factor test, which includes: (1) the degree of control over the manner in which the work is performed; (2) the worker's opportunity for profit or loss depending on his managerial skill; (3) the worker's investment in equipment or materials, or his employment of helpers; (4) whether the service rendered requires a special skill; (5) the degree or permanence of the working relationship; and (6) whether the service rendered is an integral part of the employer's business. *See Baker v. Stone Co., Mo.*, 41 F. Supp. 2d 965, 979 n.2 (W.D. Mo. 1999).

employee wages in determining who is the 'employer.' " *Dole v. Continental Cuisine, Inc.*, 751 F. Supp. 799, 802-03 (E.D. Ark. 1990); citing *Wirtz v. Pure Ice Co.*, 322 F.2d 259 (8th Cir. 1963); *Fruco Const. Co. v. McClelland*, 192 F.2d 241 (8th Cir. 1951). Regardless of the test that is applied, it is the totality of the circumstances, and not any one factor, which determines whether a worker is the employee of a particular alleged employer. *See Baystate Alternative Staffing, Inc. v. Herman*, 163 F.3d 668, 675 (1st Cir. 1998) (looking to the "economic reality" of the totality of the circumstances).

Butterball argues that it needs discovery to determine "the relationship between the temporary and contract companies and the personnel they provide." (Def.'s Reply Br. 7, Mar. 3, 2010.) Under the economic realities test, however, the only relevant relationship is the relationship between the temporary and contract personnel and Butterball, the alleged employer. Butterball should be well aware of its relationship with its temporary and contract personnel. In fact, Butterball has already supplied much of that relevant information to the plaintiffs.[2] (Pl.'s Ex. B, Feb. 22, 2010.)

That information indicates that the temporary personnel at Butterball's Huntsville and Ozark turkey processing plants work with other Butterball employees in non-specialized, general laborer positions. (*Id.* BB/Helmert 000594, 000617 (defining temporary employees as "team members" who are assigned to a department and given a job title, which may be changed at Butterball's discretion)). They work under Butterball's direction and supervision using Butterball's facilities and equipment. (*Id.* (defining temporary employees as "team members" in the team member handbook)). Butterball maintains control over the hours worked by temporary personnel as well as their compensation. (*Id.*

---

[2]The parties have Butterball's agreements with TEC Staffing Services, Penmac Staffing Services, ACTION Staffing, Incorporated, McGinnis Turkey Hangers, WillStaff Worldwide, and Smith Turkey Hangers. (Pl.'s Ex. B 008035-78.)

5

BB/Helmert 001025, 008035-78 (describing the pay practices of Butterball production employees, all of whom "enter through temporary staffing," and including the pay rate of temporary employees in the contracts with the temp agencies)). Based on this evidence alone, Butterball does not need to conduct additional discovery to determine that temporary employees are part of the FLSA class.

Likewise, Butterball does not need to conduct additional discovery regarding its relationship with contract personnel. In *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 67 S. Ct. 1473, 91 L. Ed. 1772 (1947), the Supreme Court determined that contract workers at a meat processing plant were in fact "employees" of the plant under the FLSA because the work they performed "follow[ed] the usual path of an employee" and was "part of the integrated unit of production." *Id.* at 729, 67 S. Ct. at 1476. The contract workers were not paid a fixed rate by the employer, but were paid collectively for the amount of work they performed for the employer; even so, the Court found that "the determination of the relationship does not depend on such isolated factors but rather upon the circumstances of the whole activity." *Id.* at 730, 67 S. Ct. at 1477. As in *Rutherford*, the contract personnel at Butterball's plants—including hangers and sanitation personnel—perform work that is necessary to the production of Butterball products using Butterball's premises and equipment. Also, like the employer in *Rutherford*, Butterball reserves the right to audit the daily processing and workmanship of its turkey hangers. (Pl.'s Ex. B, BB/Helmert 008044, Feb. 22, 2010.) Butterball offers no case law to the contrary and makes no effort to distinguish *Rutherford* from the present case.

In light of the meaning of the term "employee" as it is defined by the FLSA and relevant case law, the Court clarifies its February 22, 2010, Order by instructing Butterball to provide the plaintiffs with a class list that includes information about temporary and contract personnel. *See Frank v.*

6

*Gold'n Plump Poultry, Inc.*, No. Civ. 041018JNERLE, 2005 WL 2240336, at *4 (D. Minn. Sept. 14, 2005) (conditionally certifying an FLSA class of permanent and contract personnel). If Butterball is not convinced that such workers are similarly situated to other hourly employees, it may raise this issue at the second stage of class certification. *See In re Pilgrim's Pride*, No. 1:07CV01832, 2008 WL 4877239, at *2 (W.D. Ark. Mar. 13, 2008) (citing to federal courts that follow the two-step approach and adopting it); *Davis v. NovaStar Mortgage, Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005) (applying the two-step approach); *McQuay v. Am. Int'l Group.*, No. 4:01CV00661 WRW, 2002 WL 31475212, at *2 (E.D. Ark. Oct. 25, 2002) (noting that "a majority of courts have adopted a two-step process").

Butterball also contends that, because it is not responsible for compensating temporary and contract personnel, the company does not regularly maintain contact information for them in the ordinary course of business. That being the case, the Court grants Butterball's request for a 45-day extension of time in which to obtain and provide that information to the plaintiffs.

**III.**

For the reasons stated above, Butterball's motion for clarification is GRANTED. The Court clarifies that, pursuant to its January 22, 2010, Order, Butterball is obligated to provide the plaintiffs with contact information for temporary and contract personnel who fall within the conditionally certified class.

Butterball's request for an extension of time in which to provide the information is GRANTED. Butterball has 45 days from the date of this Order to provide the information to the plaintiffs.

Butterball's request for limited discovery on the issue of whether temporary and contract personnel are Butterball employees is DENIED as moot.

IT IS SO ORDERED this 5th day of March, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT COURT