UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

---

| | |
|---|---|
| Sheila Helmert, Wilma Brown, and Lori West, on behalf of themselves and other similarly situated, <br><br> Plaintiffs and Collective Action Representatives, <br><br> -v- <br><br> Butterball, LLC, <br><br> Defendant. | Civil No. 4:08-cv-0342 JLH <br><br> **PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S TENTH AFFIRMATIVE *DE MINIMIS* DEFENSE** |

---

TO: DEFENDANT ABOVE-NAMED AND ITS COUNSEL OF RECORD, STEPHEN X. MUNGER, ESQ., DALE L. OWENS, ESQ., AND ERIC MAGNUS, ESQ., JACKSON LEWIS, LLP, 1155 PEACHTREE STREET, SUITE 1000, ATLANTA, GEORGIA 30306-3600, AND PAUL D. WADDELL, ESQ., BARRETT & DEACON, P.A., 300 SOUTH CHURCH STREET, P.O. BOX 1700, JONESBORO, ARKANSAS 72403

## MOTION

Pursuant to Rules 56(a) and (d) of the Federal Rule of Civil Procedure and Local Rules 7.2 and 56.1 for the United States District Court for the Eastern District of Arkansas, Plaintiffs and Collective Action Representatives Sheila Helmert, Wilma Brown, and Lori West (collectively "Plaintiffs"), on behalf of themselves and other similarly situated, hereby move the Court for partial summary judgment on Defendant Butterball, LLC's ("Butterball") affirmative *de minimis* defense. Specifically, Plaintiffs, by and through their counsel, hereby move the Court for an Order:

1. That this Court will defer to the United States Department of Labor's ("USDOL") legal position based upon the agency's expertise, that the *de minimis* defense is not available to employers within the poultry processing industry pursuant to *Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158 (2007) and *Auer v. Robbins*, 519 U.S. 452 (1997);

2. Determining that because the time associated with the donning and doffing-related activities at issue in this matter can be recorded and is not prohibited by industrial realities or difficulties, and is therefore not *de minimis* as a matter of law; and

3. Determining that the regularity with which Plaintiffs and FLSA Class Members engage in the uncompensated donning and doffing-related activities at issue precludes a finding that any donning and doffing time is *de minimis* as a matter of law.

This motion is based upon Plaintiffs' Memorandum of Law and the supporting Affidavits and exhibits filed herewith and all the files, records, and pleadings herein, the arguments of counsel, and any additional argument, evidence, or briefing as may hereinafter be presented.

### REQUEST FOR ORAL ARGUMENT

Oral argument, if deemed appropriate, is requested and may be scheduled at the Court's discretion.

Dated: June 18, 2010

Respectfully Submitted,

**LARSON ● KING, LLP**

By: s/Kelly A. Swanson
T. Joseph Snodgrass (MN#231071)
Kelly Swanson (MN#330838)
Troy Tatting (MN#354156)
2800 Wells Fargo Place
30 E. Seventh Street
St. Paul, MN  55101
Telephone: (651) 312-6510
jsnodgrass@larsonking.com
kswanson@larsonking.com
ttatting@larsonking.com

**ZIMMERMAN REED, P.L.L.P.**
J. Gordon Rudd, Jr. (MN#222082)
Anne T. Regan (MN#333852)
651 Nicollet Mall, Suite 501
Minneapolis, MN  55402
Telephone: (612) 341-0400
jgr@zimmreed.com
atr@zimmreed.com

3

**VEON & ENGLAND, LLP**
Robert T. Veon, Esq. (#91264)
2710 Arkansas Blvd.
Texarkana, AR 71854
Tel: (870) 774-7390
robert.veon@veonfirm.com

*ATTORNEYS FOR PLAINTIFFS AND THE COLLECTIVE ACTION CLASS*

1283634