UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| Sheila Helmert, Wilma Brown, and Lori West, on behalf of themselves and other similarly situated,<br><br>    Plaintiffs and Collective Action Representatives,<br><br>-v-<br><br>Butterball, LLC,<br><br>    Defendant. | Civil No.  4:08-cv-0342 JLH<br><br>**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE APPLICATION OF THE U.S. DEPARTMENT OF LABOR'S CONTINUOUS WORKDAY RULE** |

TO:   DEFENDANT ABOVE-NAMED AND ITS COUNSEL OF RECORD, STEPHEN X. MUNGER, ESQ., DALE L. OWENS, ESQ., AND ERIC MAGNUS, ESQ., JACKSON LEWIS, LLP, 1155 PEACHTREE STREET, SUITE 1000, ATLANTA, GEORGIA 30306-3600, AND PAUL D. WADDELL, ESQ., BARRETT & DEACON, P.A., 300 SOUTH CHURCH STREET, P.O. BOX 1700, JONESBORO, ARKANSAS 72403

## MOTION

Pursuant to Rules 56(a) and (d) of the Federal Rule of Civil Procedure and Local Rules 7.2 and 56.1 for the United States District Court for the Eastern District of Arkansas, Plaintiffs and Collective Action Representatives Sheila Helmert, Wilma Brown, and Lori West (collectively "Plaintiffs"), on behalf of themselves and other similarly situated, hereby move the Court for partial summary judgment on the application of the U.S. Department of Labor's ("USDOL") continuous workday rule.  Plaintiffs, by and through their counsel, hereby move the Court for an Order determining, by factual event, the moment compensation begins and the moment compensation ends for Butterball production workers under the Fair Labor Standards Act's ("FLSA") continuous workday regulation.  29 C.F.R. § 785.6 (2010).  Specifically, Plaintiffs seek an Order:

1. That this Court will defer to the USDOL's longstanding continuous workday regulation and its interpretation of that regulation, as articulated in the USDOL's May 31, 2006 Advisory Memorandum No. 2006-2, pursuant to *Long Island Care at Home, Ltd. v. Coke*, 551 U.S. 158, 171 (2007); and

2. Determining that the Plaintiffs' compensable workday begins when Plaintiffs perform the first principal activity of obtaining their first item of required personal protective equipment from a bin, a locker or another designated storage space, through the "last touch" of the last doffed item on-site at the end of their work-shift, including any donning, doffing, sanitizing, walking or waiting that takes before or after any bona fide meal periods, as a matter of law.

This motion is based upon Plaintiffs' Memorandum of Law and the supporting Affidavits and exhibits filed herewith and all the files, records, and pleadings herein, the arguments of counsel, and any additional argument, evidence, or briefing as may hereinafter be presented.

## REQUEST FOR ORAL ARGUMENT

Oral argument, if deemed appropriate, is requested and may be scheduled at the Court's discretion.

Dated: June 18, 2010                                Respectfully Submitted,

**LARSON ● KING, LLP**

By: s/T. Joseph Snodgrass
T. Joseph Snodgrass (MN#231071)
Kelly Swanson (MN#330838)
Troy Tatting (MN#354156)
2800 Wells Fargo Place
30 E. Seventh Street
St. Paul, MN  55101
Telephone: (651) 312-6510
jsnodgrass@larsonking.com
kswanson@larsonking.com
ttatting@larsonking.com

**ZIMMERMAN REED, P.L.L.P.**
J. Gordon Rudd, Jr. (MN#222082)
Anne T. Regan (MN#333852)
651 Nicollet Mall, Suite 501
Minneapolis, MN  55402
Telephone: (612) 341-0400
jgr@zimmreed.com
atr@zimmreed.com

**VEON & ENGLAND, LLP**
Robert T. Veon, Esq. (#91264)
2710 Arkansas Blvd.
Texarkana, AR 71854
Tel: (870) 774-7390
robert.veon@veonfirm.com

*ATTORNEYS FOR PLAINTIFFS AND THE COLLECTIVE ACTION CLASS*

1283947