IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHEILA HELMERT, WILMA BROWN, and                                                    PLAINTIFFS
LORI WEST, individually and on behalf of all others
similarly situated

v.                                            No. 4:08CV00342 JLH

BUTTERBALL, LLC                                                                      DEFENDANT

**OPINION AND ORDER**

This is a collective action brought by Sheila Helmert, Wilma Brown, and Lori West, on behalf of themselves and others similarly situated, against their former employer, Butterball, LLC, under the Fair Labor Standards Act ("FLSA"). The plaintiffs have filed two motions for partial summary judgment that are pending before this Court. The first is a motion for summary judgment on Butterball's *de minimis* defense, and the second is a motion for partial summary judgment on the application of a "first touch/last touch" rule to determine the scope of the continuous workday. On August 16, 2010, the Court heard oral arguments on the motions, which are now ripe for review. Since the Court and the parties are well aware of the facts of this case, the Court incorporates by reference the facts as set forth in its May 27, 2010, Order granting in part the plaintiffs' motion to compel and its December 15, 2009, Order granting in part the plaintiffs' motion for collective action and class certification. Documents #109 and #211. Additional facts that were not stated in the previous Orders and that are relevant to the pending motions are included below.

**I.**

The plaintiffs argue that, as a matter of law, Butterball cannot assert a *de minimis* defense.[1]

---

[1] The USDOL has explained the *de minimis* defense as follows:

In recording working time under the [FLSA], insubstantial or insignificant periods

They allege that, through informal opinion letters and *amicus* briefs, the Secretary of Labor has determined that it is not administratively difficult for poultry processing companies to record the amount of time that employees spend donning and doffing and that, as a result of that determination, the *de minimis* defense is not available to any employer within the poultry processing industry. The plaintiffs ask the Court to defer to the Secretary's interpretation of its *de minimis* regulation and find the *de minimis* defense legally unavailable to poultry processors like Butterball—something no court has ever done. (Summ. J. Hr'g Tr. 14, Aug. 16, 2010.)

The level of deference owed to an agency's informal interpretation of a regulation is an issue that has been addressed by the Supreme Court. In *Auer v. Robbins*, the Supreme Court deferred to the Secretary of Labor's interpretation of an ambiguous U.S. Department of Labor ("USDOL") regulation that was submitted to the Court in an *amicus* brief. 519 U.S. 452, 461-63, 117 S. Ct. 905, 911-12, 137 L. Ed. 2d 79 (1997). The Court reasoned, "Because the [test at issue in the case] is a creature of the Secretary's own regulations, his interpretation of it is, under our jurisprudence, controlling unless 'plainly erroneous or inconsistent with the regulation.' " *Id.* at 461, 117 S. Ct. at 911 (quoting *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 359, 109 S. Ct. 1835, 1850, 104 L. Ed. 2d 351 (1989)). Subsequent case law clarified the exact circumstances in which

---

> of time beyond the scheduled working hours, which cannot as a practical administrative matter be precisely recorded for payroll purposes, may be disregarded. The courts have held that such trifles are de minimis. This rule applies only where there are uncertain and indefinite periods of time involved of a few seconds or minutes duration, and where the failure to count such time is due to considerations justified by industrial realities. An employer may not arbitrarily fail to count as hours worked any part, however small, of the employee's fixed or regular working time or practically ascertainable period of time he is regularly required to spend on duties assigned to him.

29 C.F.R. § 785.47 (2008) (internal citations omitted).

*Auer* deference is required: "[D]eference to an agency's interpretation of its regulation is warranted under *Auer v. Robbins* only when the regulation's language is ambiguous." *Christensen v. Harris Co.*, 529 U.S. 576, 587, 120 S. Ct. 1655, 1663, 146 L. Ed. 2d 621 (2000) (internal citation omitted). Furthermore, "[s]imply noting ambiguity in some part of the regulation is insufficient; there must be ambiguity with respect to the specific question considered." *Moore v. Hannon Food Serv., Inc.*, 317 F.3d 489, 495 (5th Cir. 2003). The reason for this limited deference is clear: "To defer to the agency's position [otherwise] would be to permit the agency, under the guise of interpreting a regulation, to create *de facto* a new regulation" without going through the proper notice and comment procedures. *Christensen*, 529 U.S. at 588, 120 S. Ct. at 1663; *Moore*, 317 F.3d at 495. If the regulation is not ambiguous with respect to the specific question at issue, the agency's informal interpretations are not entitled to *Auer* deference; instead, they "are 'entitled to respect' under [the Supreme Court's] decision in *Skidmore v. Swift & Co.*, but only to the extent that [the] interpretations have the 'power to persuade.'" *Moore*, 317 F.3d at 495 (internal citation omitted).

Setting aside the level of deference to which the Secretary of Labor's interpretations of the *de minimis* regulation are entitled, the Court can find no USDOL *amicus* brief or opinion letter that clearly states that poultry processing companies are precluded from asserting the *de minimis* defense or that it is not administratively difficult for any poultry processing company to record the exact amount of time employees spend in donning-and-doffing-related activities. The plaintiffs rely heavily on a March 25, 2010, *amicus* brief, which was submitted to the United States Court of Appeals for the Fourth Circuit in *Perez v. Mountaire Farms, Inc.*, No. 09-1917.[2] In the brief, the

---

[2] The plaintiffs allege that this *amicus* brief is especially important because in it for the first time the Secretary of Labor states that it is not administratively difficult for any employer in the poultry processing industry to record donning and doffing time. (*See* Hrg. Tr. 14 ("And so no

Secretary states the general rule that "an employer cannot rely on a *de minimis* defense if an activity is performed pursuant to the work rules of the employer, is done during practically ascertainable periods of time, and constitutes a duty to which the employee is regularly required to perform." (Pls.' *De Minimis* Br., Ex. P. 22, June 18, 2010.)  The Secretary then explains why it is not administratively difficult for Mountaire Farms to record the time its employees spend donning and doffing work-related gear:

> Here, employees are required to engage in daily donning and doffing and washing of their sanitary and protective equipment and they perform these activities at least four times throughout the day.  The activities do not involve "uncertain or indefinite periods of time," as demonstrated by the fact that both experts in this case were able to calculate the amount of time spent donning and doffing and walking. *See* Dec. at 42-43.  Based upon the experts' conclusions, the time involved consists of more than a few seconds or minutes of duration and are clearly recordable.
>
> Moreover, it is undisputed that Mountaire's timekeeping system records the time its employees clock in and clock out each day, *see* Dec. at 2-3, and there is no evidence that Mountaire could not use such a timekeeping system to record the time its employees begin donning and finish doffing each day.  Further, several of Mountaire's competitors in the poultry processing industry, such as Perdue Farms and George's Processing, have entered into settlement agreements with the Department whereby they each agreed to record and pay for all time their employees spend donning, doffing, sanitizing, and walking.  And, Sanderson's Farms also agreed to come into compliance with the FLSA's overtime and recordkeeping provisions based on the "continuous workday" principles in a private 16(b) FLSA case. . . .
>
> As explained *supra*, Mountaire's failure to accurately record all time within the continuous workday is not due to administrative difficulties; *Mountaire has a timekeeping system that could record the time employees spend in donning and doffing and other related activities, and the fact that such time is recordable is evidenced by the findings of both experts*.

(*Id.* at 22-24 (emphasis added).)  Although the brief mentions other poultry processors that have

---

court has been asked to look at this deference issue on an industry-wide basis, but this is the first time, to my knowledge, that the Secretary of Labor . . . has now made that determination.").)

4

changed their compensation policies to account for time spent donning and doffing protective gear, the bulk of the argument focuses on factors specific to the Millsboro facility owned by Mountaire Farms: the type of timekeeping system Mountaire Farms maintains and the calculations by the expert witnesses as to the amount of time spent donning and doffing by Mountaire Farms employees at the plant. Contrary to the plaintiffs' assertion, the brief does not assert that any and all poultry processing companies can without difficulty record the time employees spend in donning-and-doffing-related activities; nor does it preclude poultry processing companies from raising the *de minimis* defense.

The plaintiffs also cite to a 2003 *amicus* brief by the Secretary of Labor to the First Circuit Court of Appeals in which the Secretary contends that it is technically feasible for the defendant company to track and record its employees' hours of operations, including the time spent donning and doffing protective gear. (Pls.' *De Minimis* Br., Ex. O.) In the brief, however, the Secretary takes "no position on whether the total time in the instant case is *de minimis* in accordance with the *Lindow* criteria." (*Id.* at n.3)

Nor does the Secretary make an industry-wide determination in the opinion letters cited by the plaintiffs. One letter addresses whether the time that a particular group of mill workers spend changing uniforms each day is compensable. (Pls.' *De Minimis* Br., Ex. HH.) Another discusses whether the time that employees in an unspecified industry spend changing their shoes each day is *de minimis*. (*Id.*) The third letter explains why the *de minimis* defense is not available in a particular FLSA action against a technology company. (*Id.*) Notably, each of these letters addresses a specific

claim against a specific employer, none of which was a poultry processing company.[3]

Even if the Secretary's interpretation of the *de minimis* exception is entitled to *Auer* deference, nowhere in the opinion letters or *amicus* briefs listed above does the Secretary interpret the *de minimis* defense as inapplicable to poultry processors as a matter of law. Instead, the Secretary expressly adopts and applies the analysis set forth in *Lindow v. United States* to determine whether the *de minimis* defense is available to employers. According to *Lindow*, a court must weigh (1) the practical administrative difficulty of recording the additional time, (2) the aggregate amount of compensable time, and (3) the regularity of the additional work to determine whether compensable, unpaid time is *de minimis*. *Lindow v. United States*, 738 F.2d 1057, 1062-63 (9th Cir. 1984). In the December 15, 2009, opinion denying the defendant's motion for partial summary judgment on *de minimis* grounds, this Court found a genuine issue of material fact as to the second *Lindow* factor. Document # 109. Here, the plaintiffs ask this Court to grant their motion for summary judgment without considering the second factor.[4] Contrary to the plaintiffs' suggestion,

---

[3] The plaintiffs also cite to a number of consent judgments and settlement agreements between either the USDOL or private plaintiffs and poultry processing companies in claims arising under the FLSA. (Pls.' *De Minimis* Br., Exs. P-X.) Although the agreements indicate changes within the poultry processing industry in regards to employee compensation practices for donning-and-doffing-related activities, the Court cannot apply the terms of these agreements to Butterball. Settlement agreements are contracts between the parties—their terms are not binding upon non-parties. *See In re Airline Ticket Comm'n Antitrust Litig.*, 268 F.3d 619, 623 (8th Cir. 2001) (finding that the law of contract applies to settlement agreements); *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1188-89 (8th Cir. 1984) (finding that a settlement agreement is a matter of private contract binding only upon the parties). Furthermore, parties settle cases for a number of reasons. The fact that an defendant employer settles an FLSA case with a plaintiff employee does not mean the employer necessarily violated the FLSA or that the terms of the settlement agreement put the employer in compliance with the FLSA.

[4] In a separate Rule 56(f) motion, Butterball points out that no further discovery has been taken to determine how much time employees spend donning and doffing since its summary judgment motion was filed over a year ago. It asks the Court to allow discovery on this issue.

the *Lindow* factors "are analyzed in concert and are balanced; they are not independent preconditions to a de minimis finding." *Scott v. City of N.Y.*, 592 F. Supp. 2d 386, 402 (S.D.N.Y. 2008); *see Lindow*, 738 F.2d at 1062-63 (weighing all three factors). The plaintiffs do not cite any case in which a court has granted a plaintiff's motion for summary judgment on the *de minimis* defense without weighing all three *Lindow* factors. Even the March 2010 *amicus* brief, on which the plaintiffs rely, includes a detailed analysis of the factors set forth in *Lindow*. The plaintiffs offer no evidence regarding the aggregate amount of time that employees spend in donning-and-doffing-related activities; as a result, summary judgment is not appropriate at this stage of discovery.

Even if the Court need not weigh all three factors in order to find for the plaintiffs on their summary judgment motion, Butterball offers some evidence that it would be administratively difficult to record the amount of time employees spend donning and doffing. Butterball's employees do not spend the same amount of time donning and doffing; because employees don and doff different gear, some require more time than others. With departments of as many as four hundred people, Butterball argues that it would be administratively difficult to use time clocks to measure the amount of donning and doffing time for each employee: doing so would either create long lines around the existing time clocks or require the purchase of a significant number of new clocks. Although Butterball's contentions may ultimately be found lacking in credibility, the Court cannot make credibility determinations in ruling on a motion for summary judgment. *Gander Mountain Co. v. Cabela's, Inc.*, 540 F.3d 827, 831 (8th Cir. 2008); c*f. Chao v. Tyson Foods, Inc.*, 568 F. Supp. 2d 1300, 1318 (N.D. Ala. 2008) (finding for the defendant on similar proof). *Contra. Kasten*, 556 F. Supp. 2d at 954 (granting summary judgment for the plaintiffs in spite of the defendant's *de minimis* defense because the defendant did not contend that it would be an administrative burden to record

and compensate plaintiffs' donning and doffing time). The plaintiffs' motion for partial summary judgment on the *de minimis* defense is denied.[5]

## II.

The plaintiffs also seek partial summary judgment on the application of the USDOL's continuous workday rule. The plaintiffs urge the Court to adopt a "first touch/last touch" rule under which compensation for employees starts with the first touch of any required personal protective gear and ends with the last touch of the doffed or sanitized gear on-site before a bona fide meal break or the end of the shift. (Pls.' Cont. Workday Br. 1-2, June 18, 2010.) The plaintiffs offer much of the same type of evidence discussed *supra* to support its motion: USDOL opinion letters, consent judgments, and plea agreements. (*See id.*, Exs. B-D.) The plaintiffs also cite to a USDOL advisory memorandum that suggests that simply touching an article of clothing is a principal activity that triggers the commencement of the compensable workday:

> Although the Supreme Court did not define "donning and doffing," the First Circuit held that donning includes the obtaining of equipment. *Tum v. Barber Foods*, 331 F.3d 1, 9 (1st Cir. 2004). That finding is consistent with the Department's long held view.
>
> The First Circuit's ruling is buttressed by the Court's ruling in *IBP v. Alvarez* that waiting to obtain required gear is not compensable because "unlike the donning of

---

[5] Butterball also argues that employing a punch-to-punch method of compensation would be administratively difficult because employees might waste time socializing or taking breaks during the work day rather than staying on the line. Ultimately, however, it is up to Butterball to determine the activities in which employees are allowed to participate while on the clock.

> Defendant's concern . . . that employees will 'game the system' applies equally to any circumstance in which employees use a time clock to keep track of time at work. The solution is not to violate the FLSA, but to set limitations on the amount of time employees may take to don and doff required protective gear.

*Kasten v. Saint-Gobain Performance Plastics*, 556 F. Supp. 2d 941, 954 (W.D. Wis. 2008).

8

certain types of protective gear which is *always* essential if the worker is to do his job, the waiting may or may not be necessary in particular situations or for every employee" (emphasis in original). Since, like donning, obtaining the gear (as opposed to waiting to obtain the gear), "is always essential if the worker is to do his job," the compensable workday starts once the employee has obtained the gear required to be stored on the premises by taking an item out of a bin, a locker or another designated storage area.

(*Id.*, Ex. A. 1, n.1.)

As explained *supra*, deference to an agency's interpretation of its regulation is warranted under *Auer* only when the regulation is ambiguous as to the specific issue in dispute. *Christensen*, 529 U.S. at 587, 120 S. Ct. at 1663. Absent ambiguity, informal interpretations are simply another source of persuasive authority. *Moore*, 317 F.3d at 495. The advisory memorandum to which the plaintiffs cite appears to be an interpretation of the USDOL's "continuous workday" regulation, which states:

> (a) Section 4 of the Portal Act does not affect the computation of hours worked within the "workday" proper . . . and its provisions have nothing to do with the compensability under the [FLSA] of any activities engaged in by an employee during that period. . . . [T]o the extent that activities engaged in by an employee occur after the employee commences to perform the first principal activity on a particular workday and before he ceases the performance of the last principal activity on a particular workday, the provisions of [section 4] have no application. Periods of time between the commencement of the employee's first principal activity and the completion of his last principal activity on any workday must be included in the computation of hours worked to the same extent as would be required if the Portal Act had not been enacted. The principles for determining hours worked within the "workday" proper will continue to be those established by the [FLSA] without reference to the Portal Act, which is concerned with this question only as it relates to time spent outside the "workday" in activities of the kind described in section 4.
>
> (b) "Workday" as used in the Portal Act means, in general, the period between the commencement and completion on the same workday of an employee's principal activity or activities. It includes all time within that period whether or not the employee engages in work throughout all of that period.

29 C.F.R.§ 790.6 (footnotes omitted). The issue the plaintiffs raise is whether the regulation

includes a first touch/last touch rule. Although the regulation explains the concept of the continuous workday, nowhere does it suggest that the workday commences at the moment an employee touches his or her personal protective equipment or gear or ends with the employee's last touch of that gear. The Court finds nothing regarding a first touch/last touch rule that would warrant *Auer* deference.

Nor does the Court find the memorandum persuasive.[6] Instead of interpreting the regulation, the memorandum simply summarizes relevant case law leading up to and including *IBP v. Alvarez*. (Pls.' Cont. Workday Br., Ex. A. 1 ("This memorandum advises staff of the state of the law after the Supreme Court's decision in *IBP v. Alvarez*, 126 S. Ct. 514 (2005) (together with *Barber Foods v. Tum*).") The language regarding the compensability of time spent obtaining gear, which is relegated to a footnote, is simply an interpretation of a First Circuit opinion. (*Id.*); *see Tum v. Barber Foods*, 331 F.3d 1, 9 (1st Cir. 2004). A court is not bound by an agency's interpretation of judicial precedent. *Valerio v. Putnam Assocs. Inc.*, 173 F.3d 35, 43 n.5 (1st Cir. 1999); *see also New York New York, LLC v. NLRB*, 313 F.3d 585, 590 (D.C. Cir. 2002) (the *Chevron* principle does not require deference to an agency's interpretation of Supreme Court precedent). It is the duty of the courts to interpret and apply judicial precedent to the facts of a particular case.

Finally, Butterball also points out that, in order to adopt a first touch/last touch rule, the Court would have to find that all donning-and-doffing-related activities of unique and non-unique protective gear are compensable as a matter of law. The plaintiffs offer no evidence on this point, and the Court declines to address that issue here. *See Alvarez v. IBP, Inc.*, 339 F.3d 894, 903 (9th Cir. 2003) (finding that donning and doffing non-unique protective gear was *de minimis* and thus not

---

[6] None of the other documents the plaintiffs submit come close to suggesting a first touch/last touch rule.

compensable under the FLSA), *aff'd*, 546 U.S. 21, 126 S. Ct. 514, 163 L. Ed. 2d 288 (2005).

## CONCLUSION

For the reasons stated above, plaintiffs' motions for partial summary judgment are DENIED. Documents #219 and #221. The defendant's Rule 56(f) motion is DENIED as moot. Document #243.

IT IS SO ORDERED this 25th day of August, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE