IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHEILA HELMERT and WILMA BROWN,                                              PLAINTIFFS
and LORI WEST, on behalf of themselves
and others similarly situated

v.                                        No. 4:08CV00342 JLH

BUTTERBALL, LLC                                                              DEFENDANT

## OPINION AND ORDER

Sheila Helmert, Wilma Brown, and Lori West brought this action on behalf of themselves and others similarly situated against their former employer, Butterball, LLC, under the Fair Labor Standards Act and the Arkansas Minimum Wage Act.  Butterball has moved to compel the plaintiffs to provide substantive responses to its First Set of Merits Interrogatories.  (Def.'s Br. in Support Ex. 10.)  The plaintiffs object to the interrogatories and argue that they are contention interrogatories to which they should not be compelled to respond until the close of discovery.  In the alternative, the plaintiffs contend that they have provided sufficient responses to the interrogatories.  For the following reasons, Butterball's motion to compel is granted in part.

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."  Generally, a party may serve on another part as many as twenty-five written interrogatories, and leave may be granted to serve additional interrogatories.  Fed. R. Civ. P. 33(a)(1).

> An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Fed. R. Civ. P. 33(a)(2).  Interrogatories that "ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its

contentions, or to explain how the law applies to the facts" often are referred to as "contention interrogatories." *In re Grand Casinos, Inc., Sec. Litig.*, 181 F.R.D. 615, 618 (D. Minn. 1998) (quoting *McCarthy v. Paine Webber Grp., Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996)) (emphasis added by Minnesota court). "They are distinct from interrogatories that request identification of witnesses or documents that bear on the allegations." *Id.* (italics omitted).

True contention interrogatories may be helpful "in that they may narrow and define the issues for trial and enable the propounding party to determine the proof required to rebut the responding party's claim or defense." *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006). Unfortunately, they also may be unduly burdensome, particularly when they seek "all facts" supporting a claim or defense, "such that the answering party is required to provide a narrative account of its case." *Id.*; *see also Poulos v. Summit Hotel Props., LLC*, No. CIV 09-4062-RAL, 2010 WL 2640394, at *2 (D.S.D. Jul. 1, 2010) (finding that the defendant's contention interrogatories were burdensome because they compelled the plaintiff to assist the defendant in preparing its case). As a result, a number of district courts, including several in this circuit, have determined that contention interrogatories need not be answered until discovery is complete or nearing completion. *See, e.g.*, *Vishay Dale Elecs., Inc. v. Cyntec Co.*, No. 8:07CV191, 2008 WL 4868772, at *5 (D. Neb. Nov. 6, 2008) (denying the motion to compel answers to contention interrogatories until the end of discovery); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) ("[T]here is considerable support for deferring answers to contention interrogatories until after a substantial amount of discovery has been completed."); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 348 (N.D. Cal. 1985) (denying motion to compel and ordering plaintiffs to answer contention interrogatories 60 days after completion of defendants' document production). "The party serving contention interrogatories bears the burden of proving how an earlier response assists the goals of discovery." *Vishay Dale*

*Elecs., Inc.*, 2008 WL 4868772, at *5 (quoting *B. Braun Med. Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994)); *see also* 10A Federal Procedure, Lawyers Ed. § 26:545 (Database updated Sept. 2010) ("Although contention interrogatories . . . are permitted, the obligation to respond to them is often postponed until near the end of the discovery period unless the proponent carries its burden of demonstrating why they are necessary earlier on.").

Butterball alleges that the interrogatories it provided to the plaintiffs are not contention interrogatories because they request the identification of witnesses and documents. *See In re Grand Casinos, Inc.*, 181 F.R.D. at 618 (distinguishing interrogatories that request identification of witnesses or documents from contention interrogatories). Interrogatories 1, 2, 3, 4, 5, and 7 include the following language: "Set forth each and every fact, and identify each and every document, which relate[s] to, support[s] or contradict[s] [a particular claim, defense, or factual issue]." (Def.'s Br. in Support Ex. 10.) The first phrase is indicative of a contention interrogatory; the second phrase is not. The Court will not ignore the fact that these interrogatories include contention questions simply because they also request the identification of documents. Interrogatory No. 6 asks the plaintiffs to "[i]dentify all departments and job titles Plaintiffs claim are part of the certified class in this lawsuit, including whether Plaintiffs claim temporary or probationary employees are included in the certified class." (Def.'s Br. in Support Ex. 10.) In other words, Interrogatory No. 6 asks the plaintiffs who they contend are part of the certified class. *See* 10A Federal Procedure, Lawyers Ed. § 26:525 (listing types of contention interrogatories, such as "[a] question asking another party to indicate what it contends"). Interrogatory No. 9 asks the plaintiffs to "[i]dentify each and every person that has knowledge of any facts stated in response to Interrogatories Nos. 1-8 . . . ." (Def.'s Br. in Support Ex. 10.) Questions that request the identification of witnesses, like questions requesting the

identification of documents, are not contention interrogatories. *In re Grand Casinos, Inc.*, 181 F.R.D. at 618.

To the extent that its questions are contention interrogatories, Butterball argues that the plaintiffs should be compelled to answer them since discovery has been ongoing in this case for two years. For much of that time, however, discovery was limited to class certification issues.[1] Furthermore, Butterball has failed to come forward with any evidence or argument to suggest that compelling the plaintiffs to supplement their responses to the contention questions would further discovery. *See Vishay Dale Elecs., Inc.*, 2008 WL 4868772, at *5.

## CONCLUSION

For the reasons listed above, the Defendant's motion to compel is GRANTED IN PART. The plaintiffs are ordered to identify the documents which relate to, support, or contradict the issues set forth in Interrogatories 1, 2, 3, 4, 5, and 7. The plaintiffs must respond to Interrogatory No. 9 in full.[2] To the extent that the motion to compel is denied, it is denied without prejudice.[3]

IT IS SO ORDERED this 3rd day of November, 2010.

*J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] Phase 1 discovery ended on July 31, 2009. (Document # 109 at 3 n.1.)

[2] The plaintiffs suggest that their "general references to categories of documents comply with Rule 33(d) of the Federal Rules of Civil Procedure." (Pl.'s Br. in Opposition at 18 n.9.) As Butterball points out, Rule 33(d) applies to "a party's business records," which are not at issue here. Fed. R. Civ. P. 33(d).

[3] If and when the contention interrogatories are renewed, the parties should bear in mind the ruling on similar interrogatories in *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 405 (D. Kan. 1998).