IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHEILA HELMERT and WILMA BROWN,                                                                PLAINTIFFS
and LORI WEST, on behalf of themselves
and others similarly situated

v.                                        No. 4:08CV00342 JLH

BUTTERBALL, LLC                                                                                  DEFENDANT

**OPINION AND ORDER**

This is a collective action brought by the named plaintiffs against Butterball, LLC, under the Fair Labor Standards Act. The plaintiffs have filed a motion for a protective order to prohibit Butterball from requesting discovery from any unnamed, opt-in plaintiffs. Butterball does not seek individualized discovery of all of the opt-in plaintiffs; rather, Butterball seeks to depose two employees from each of the ten departments at the Huntsville and Ozark facilities for up to four hours each, as well as any individuals the plaintiffs designate as trial witnesses.[1] For the following reasons, the plaintiffs' motion for a protective order is granted in part and denied in part.

I.

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Courts have broad discretion, however, to limit the frequency or extent of use of the discovery methods

---

[1] Originally, Butterball expressed its desire to depose 22 opt-in plaintiffs (two from each of eleven departments at the Huntsville and Ozark plants). Document # 193 at 3, 5-6, 11. The plaintiffs alleged that there are only seven departments between the two plants. (Pls.' Br. in Support at 21 n.4.) In its response brief, Butterball identifies ten departments at the Huntsville and Ozark plants. The departments at the Huntsville facility include: Evisceration, Debone, Packaging, PRT, Box, Smoke & Bake, and Traypack. The departments at Ozark include: Evisceration, Packing (Bagging), and Packaging (Boxing). (Def.'s Br. in Resp. at 3 n.1.) In their reply, the plaintiffs concede that there are in fact ten departments at the two facilities. (Pls.' Reply Br. at 2.)

otherwise permitted by the Federal Rules, particularly when permitting discovery would cause the opposing party annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(b)(2)(C) and (c). In class action lawsuits with hundreds or even thousands of class members, individualized discovery of all of the class members would be onerous. Some courts have found such comprehensive discovery inappropriate in these types of cases. *See, e.g.*, *McGrath v. City of Philadelphia*, No. CIV. A. 92-4570, 1994 WL 45162, at **2-3 (E.D. Pa. Feb. 10, 1994) (citing *Adkins v. Mid Am. Growers, Inc.*, 143 F.R.D. 171, 174 (N.D. Ill. 1992)). *But see, e.g.*, *Vennet v. Am. Intercontinental Univ. Online*, No. 05 C 4889, 2007 WL 4442321, at *6 (N.D. Ill. Dec. 13, 2007) (pointing out that defendants were entitled to depose each individual plaintiff); *Coldiron v. Pizza Hut, Inc.*, No. CV03-05865TJHMCX, 2004 WL 2601180, at *2 (C.D. Cal. Oct. 25, 2004) (granting the defendant's motion for individualized discovery).

In contrast, representative discovery, which involves individualized discovery from a representative sample of class members, consistently has been permitted in FLSA actions. *See, e.g.*, *Burch v. Qwest Commc'ns Int'l, Inc.*, 677 F. Supp. 2d 1101, 1113 (D. Minn. 2009) (noting that the court had ordered discovery on a representative basis of 150 randomly selected class members from a class of approximately 1500); *Schaefer-LaRose v. Eli Lilly & Co.*, 663 F. Supp. 2d 674, 699-700 (S.D. Ind. 2009) (upholding a magistrate's determination that representative discovery would be appropriate); *Fast v. Applebee's Int'l, Inc.*, No. 06-4146-CV-C-NKL, 2008 WL 5432288, at *2 (W.D. Mo. Dec. 31, 2008) (In an FLSA action, "the Court concludes that limited discovery from opt-in Plaintiffs may be appropriate."); *Cranney v. Carriage Servs., Inc.*, No. 2:07-cv-01587-RLH-PAL, 2008 WL 2457912, at *3 (D. Nev. Jun. 16, 2008) (limiting individualized discovery to ten percent of the opt-in plaintiffs); *Nerland v. Caribou Coffee Co.*, 564 F. Supp. 2d 1010, 1016 (D. Minn. 2007)

(noting that the court had authorized discovery for eighty-five randomly selected opt-ins from approximately three hundred); *Smith v. Lowe's Home Ctrs., Inc.*, 236 F.R.D. 354, 357-58 (S.D. Ohio 2006) (limiting discovery to a statistically significant representative sampling). Unlike limitless individualized discovery, representative discovery "reasonably minimize[s] the otherwise extraordinary burden imposed on the plaintiffs and their counsel and yet afford[s] the defendant a reasonable opportunity to explore, discover and establish an evidentiary basis for its defenses." *Smith*, 236 F.R.D. at 357-58. It "insure[s] that discovery is not used as a tool to limit or discourage participation in the opt-in class and . . . advance[s] the efficiency and cost containment objectives of . . . FLSA actions." *Fast*, 2008 WL 5432288, at *2.

Here, the plaintiffs argue that deposing even a representative sample of opt-in plaintiffs would be unduly burdensome and expensive in light of the damages typically awarded to opt-in plaintiffs in donning-and-doffing cases and because some of the opt-ins are not native English-speakers and would need a translator during their depositions. Although a court-approved translator is an additional expense, this Court is not persuaded that this potential expense is enough to impose an undue burden on the plaintiffs and distinguish this case in any way from those cited *supra*.[2]

The plaintiffs also argue that, in this particular case, representative discovery is unnecessary because any information that Butterball might obtain through the depositions already is within the company's control. *See Fast*, 2008 WL 5432288, at *2 (prohibiting representative discovery if the information is otherwise available to the defendant). Butterball disagrees. Although Butterball has access to employee personnel files and Kronos reports (which record the exact time each employee

---

[2]The noticing party bears the burden of transcript costs, which presumably include transcript translations. Fed. R. Civ. P. 30(b)(3)(A).

swipes the time clock each day), Butterball does not know how much time between swipes employees spend donning and doffing gear, walking to and from the plant floor, and engaging in non-compensable activities. Although much of this information could be obtained through a time-motion study, at this point no such study has been performed. It would be mere conjecture to say that a study will be performed, will be deemed admissible by this Court, and will contain all of the evidence that Butterball seeks. Undoubtedly, a time-motion study would not include the type of anecdotal evidence that could be obtained from deposition testimony.

Underlying the plaintiffs' motion for a protective order is the concern that representative discovery will be used to harass the opt-in plaintiffs or encourage them to opt out of the litigation. *See Oropeza v. Appleillinois, LLC*, No. 06 C 7097, 2010 WL 3034247, at *5 (N.D. Ill. Aug. 3, 2010) (addressing plaintiffs' concern that defendant would harass and burden class members in order to weed out opt-in plaintiffs); *Fast*, 2008 WL 5432288, at *2 (stating that discovery should not be sought "for the purpose of depriving the opt-in plaintiff of his or her class status" and denying defendant's motion to compel responses to interrogatories from each opt-in plaintiff). However, the plaintiffs have not demonstrated that Butterballs' request for representative discovery is intended to harass or is in bad faith. To minimize the plaintiffs' concerns that Butterball may target particular class members who might then opt out of the FLSA action, random selection of the deponents is appropriate. *See Oropeza*, 2010 WL 3034247, at *6 (noting that there are two ways to establish representative discovery—either by random sampling or by allowing each party to select a number of deponents); *see, e.g.*, *Morales v. Farmland Foods, Inc.*, No. 8:08CV504, 2010 WL 3447513, at *2 (D. Neb. Aug. 27, 2010) (limiting opt-in discovery to a *random* sample of fifteen percent of opt-in plaintiffs); *Nelson v. Am. Standard, Inc.*, Nos. 2:07CV10 and 2:08CV390, 2009 WL 4730166, at *3

(E.D. Tex. Dec. 4, 2009) (limiting discovery to named plaintiffs and *randomly* selected seven percent of opt-in class); *Smith*, 236 F.R.D. at 356-58 (ordering a representative sample of six percent of *randomly* selected individuals from opt-in class).

Furthermore, depositions of production employees at turkey processing plants regarding donning and doffing of gear need not take four hours each. The depositions will be limited to two hours for each deponent.

## CONCLUSION

For the reasons listed above, the plaintiffs' motion for a protective order is granted in part and denied in part. Butterball may depose up to twenty randomly selected opt-in plaintiffs (a maximum of two employees from each department) for up to two hours each.

IT IS SO ORDERED this 5th day of November, 2010.

*/s/ J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE