**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

SHEILA HELMERT, WILMA BROWN,　　　　　　　　　　　　　　　　　　　　　　PLAINTIFFS
and LORI WEST, on behalf of themselves
and others similarly situated

v.　　　　　　　　　　　　　　　　No. 4:08CV00342 JLH

BUTTERBALL, LLC　　　　　　　　　　　　　　　　　　　　　　　　　　　　　DEFENDANT

**ORDER**

The plaintiffs have filed a motion to compel production of the complete personnel files and records of Gary R. Lenaghan. According to the plaintiffs' memorandum in support of the motion, Butterball produced Lenaghan's resume; his application for employment at a predecessor company; a Butterball "Confidential Position Specification" for vice president and a Butterball "Confidential Position Specification" for vice president of human resources. The plaintiffs contend that this production is inadequate and that they are entitled to production of Lenaghan's entire personnel file because Lenaghan was involved in creating policy and making decisions regarding employee compensation, overtime, and other issues relating to donning and doffing. Butterball disagrees, arguing that Lenaghan's personnel file is unlikely to have any information relating to the issues in this case, which have to do with whether donning and doffing constitutes work under the Fair Labor Standards Act and therefore overtime compensation must be paid for that time, and on the issue of whether Butterball has a good faith defense.

While it may be true that in employment discrimination cases or in cases alleging retaliation under the FLSA the decisionmaker's personnel file is likely to have information that is relevant to the issues in the case, there is no general rule that personnel files of decisionmakers are routinely discoverable in disputes between employees and employers. Rule 26(b)(1) of the Federal Rules of

Civil Procedure provides the standard for the scope of discovery. That rule provides, in pertinent part:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The plaintiffs have made no showing that production of the personnel file of Gary R. Lenaghan, beyond the documents already produced, is reasonably calculated to lead to the discovery of admissible evidence. Consequently, the motion to compel production of the complete personnel files and records of Gary R. Lenaghan is DENIED. Document #305.

IT IS SO ORDERED this 15th day of March, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE