## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

SHEILA HELMERT, WILMA BROWN,                                         PLAINTIFFS
and LORI WEST, on behalf of themselves
and others similarly situated

v.                                       No. 4:08CV00342 JLH

BUTTERBALL, LLC                                                              DEFENDANT

### ORDER

Butterball, LLC, has filed a motion to quash plaintiffs' deposition notice or in the alternative for a protective order to prevent the deposition of the current human resources manager at the Jonesboro plant. The practices at the Jonesboro plant are not at issue, but the correspondence between counsel for the parties attached to Butterball's memorandum indicate that the plaintiffs wish to depose the human resources manager at the Jonesboro plant in order to rebut claims made by Butterball regarding pay practices at Huntsville and Ozark. Thus, the information sought appears to be discoverable. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . .") Butterball argues, however, that the plaintiffs have already deposed Karen Ingram, human resources manager, as a 30(b)(6) witness on topics broad enough to encompass practices at the Jonesboro plant, as well as Leigh Ann Mendoza, human resources manager for the Huntsville plant, who also testified regarding policies and practices at the Jonesboro plant. Butterball also says that it would make available Gary Lenaghan, vice president of human resources, to testify regarding pay practices and policies at the Jonesboro plant.

Butterball has attached to its motion excerpts from the depositions of Karen Ingram and Leigh Ann Mendoza, and those excerpts show that plaintiffs' counsel has inquired about practices

at the Jonesboro plant, and both of those persons answered the questions that were addressed to them regarding the practices at that plant. It appears, therefore, that the request for the deposition of the current human resources manager at the Jonesboro plant would duplicate discovery that has already been taken, without any apparent reason for the duplication. Therefore, the motion to quash or in the alternative for a protective order is GRANTED. Document #341.

IT IS SO ORDERED this 9th day of May, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE