**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

SHEILA HELMERT, WILMA BROWN, and                                    PLAINTIFFS
LORI WEST, individually and on behalf of all others
similarly situated

v.                                    No. 4:08CV00342 JLH

BUTTERBALL, LLC                                                      DEFENDANT

**OPINION AND ORDER**

Pending before the Court are the plaintiffs' Motion to Compel Production of Defendant's Damages Expert's Underlying Data and the defendant's Cross-Motion to Compel Plaintiffs to Produce Their Damages Expert's Underlying Data. On April 14, 2011, the parties exchanged expert reports and disclosures for their respective damages experts, except that the parties agreed to delay the production of their experts' "back-up data" until Monday, April 18, 2011. On April 18, 2011, plaintiffs' counsel sent Butterball the "back-up data" of its expert, Louis Lanier. The data was provided in an electronic format that was unknown to Butterball but was later determined to be produced by a particular type of software called "Stata," which Lanier used to calculate damages. The plaintiffs also provided spreadsheets from Lanier's damages calculations, which do not include the formulas he used to reach his results but do include the results of his calculations. That same day, Butterball's counsel sent to the plaintiffs the "back-up data" of its expert, Paul D. Dopp. The data was provided as .pdf images of spreadsheets, which do not include formulas or calculations used by Mr. Dopp but do include the numbers upon which he based his calculations and the results of those calculations. On May 23, 2011, after the plaintiffs filed their Motion to Compel, Butterball sent spreadsheets to the plaintiffs with the same information that was contained in the .pdf files.

The plaintiffs contend that the "back-up data" that Butterball produced is insufficient because it is not in its "electronic, native format." In its response, Butterball argues that it is not required to

provide the data in any particular format. In the alternative, Butterball moves to compel the plaintiffs to produce their expert's "back-up data" in a spreadsheet format rather than that produced by a particular statistical software program that neither it nor its expert has ever used.

Federal Rule of Civil Procedure 26(a)(2)(B) requires an expert witness disclosure to be accompanied by a written report, which contains

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

The report is designed to ensure that opposing counsel has "a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Id.*, comments, 1993 Amendments. Data must be disclosed if it is "considered by the expert" in reaching his opinion. *Id.* This data is limited to "material of a factual nature." *Id.*, comments, 2010 Amendments.

Here, it does not appear that either party was denied any material of a factual nature that had been furnished to the experts and considered by them in reaching their opinions. The plaintiffs have received, both as a .pdf and as a spreadsheet, a copy of the data that Mr. Dopp, Butterball's expert, considered. The plaintiffs allege that they are entitled to all of the electronic documents that Mr. Dopp created, which show the calculations he made and formulas he used to reach his opinion.

2

However, "Rule 26(a)(2) does not require a party to disclose all of its expert's notes, calculations, and preliminary analysis." *Etherton v. Owners Ins. Co.*, Civil Action No. 10-cv-00892-MSK-KLM, 2011 WL 684592, at *2 (D. Colo. Feb. 18, 2011); *see also In re Xerox Corp. Sec. Litig.*, 746 F. Supp. 2d 402, 414 (D. Conn. 2010) ("The court concludes that it was not necessary for the [expert's] initial regression analysis to be contained in the [expert] report" that was disclosed pursuant to Rule 26(a)(2)); *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1121-22 (D. Colo. 2006) ("Rule 26(a)(2)'s requirements . . . do not . . . require that the expert report contain, or be accompanied by, all of the expert's working notes or recordings."); *Flebotte v. Dow Jones & Co.*, No. Civ.A. 97-30117-FHF, 2000 WL 35539238, at *7 (D. Mass. Dec. 6, 2000) ("Therefore, neither the plain language of the rule nor its purpose compels disclosure of every calculation or test conducted by the expert during formation of the report."). "Nor is there any suggestion in Rule 26(a)(2) that an expert report is incomplete unless it contains sufficient information and detail for an opposing expert to replicate and verify in all respects both the method and results described in the report." *Cook*, 580 F. Supp. 2d at 1121-22. To the extent that the plaintiffs question Mr. Dopp's calculations, they will have ample opportunity to ask about them during his deposition.

For these reasons, the parties' cross-motions to compel the production of expert data are DENIED. Documents #358 and #372.

IT IS SO ORDERED this 27th day of July, 2011.

*/s/ J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE