**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

SHEILA HELMERT, WILMA BROWN, and                                                    PLAINTIFFS
LORI WEST, on behalf of themselves and others
similarly situated

v.                                              No. 4:08CV00342 JLH

BUTTERBALL, LLC                                                                     DEFENDANT

**OPINION AND ORDER**

Currently pending before this Court is Butterball's motion to dismiss seven opt-in plaintiffs for failing to appear at their depositions scheduled in April 2011 or for cancelling at the last minute. In the alternative, Butterball seeks attorneys' fees and costs associated with the seven plaintiffs' failure to appear. Butterball was permitted to depose up to twenty randomly selected opt-in plaintiffs with a maximum of two employees from each production department at its Huntsville and Ozark facilities. Each deposition was limited to two hours. Over the course of several months, the parties went back and forth arguing about the list of names from which the random sampling would occur and selecting deponents from the list of opt-in plaintiffs.

Ultimately, twenty opt-in plaintiffs were scheduled to be deposed from April 18-22, 2011, in Fayetteville or Fort Smith, Arkansas. On Monday of that week, Butterball's counsel deposed three opt-in plaintiffs; two plaintiffs who were scheduled for depositions failed to appear. On Tuesday, counsel did not depose any plaintiffs; none of the four plaintiffs who were scheduled for depositions appeared. (Two were then rescheduled for depositions later in the week.) On Wednesday, counsel deposed all five opt-in plaintiffs who were scheduled to appear that day. On Thursday, counsel conducted four of five scheduled depositions; on Friday, they conducted three of four scheduled depositions. In total, Butterball's counsel deposed fifteen opt-in plaintiffs during the

course of the week. Seven opt-in plaintiffs who were scheduled for depositions failed to appear. Two "alternate" opt-ins were contacted and deposed in lieu of others who failed to appear.

Under Rule 37(d)(1), a court may, upon motion, sanction a party for failing to appear for its own deposition. Fed. R. Civ. P. 37(d)(3); *see* Fed. R. Civ. P. 37(b)(2)(A). "Although the Court has discretion in imposing a Rule 37 sanction of dismissal, the imposition of such a sanction must be just." *Webb v. Smay*, No. 1:09-CV-00037-JMM, 2011 WL 1772183, at *3 (E.D. Ark. Apr. 20, 2011) (finding dismissal unnecessary even when the plaintiff admitted he knowingly failed to appear for his deposition); *see also In re Popkin & Stern*, 196 F.3d 933, 938 (8th Cir. 1999) ("The . . . sanction must be proportionate to the litigant's transgression."). "The Eighth Circuit has also held that '[t]he court should resort to the sanction of dismissal only when the failure to comply has been due to . . . willfulness, bad faith, or any fault of petitioner.'" *Tanner v. Entergy Ark.*, No. 4:08-CV-00099 BSM, 2009 WL 1455317, at *2 (E.D. Ark. May 21, 2009) (quoting *Hairston v. Alert Safety Light Prods., Inc.*, 307 F.3d 717, 718-19 (8th Cir. 2002)); *see also Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994) ("Dismissal is the sanction of last resort" and "should be imposed only if the court concludes that a party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault."). "Considerations of the court's need to advance its docket, the consequences of 'irrevocably extinguishing the litigant's claim,' and the futility of lesser sanctions" inform the court's decision on whether to dismiss a plaintiff's claims. *Hale v. Burton*, No. 4:09CV1939 TCM, 2011 WL 1660216, at *2 (E.D. Mo. May 3, 2011) (quoting *Hunt v. City of Minneapolis, Minn.*, 203 F.3d 524, 527 (8th Cir. 2000)). "Also relevant is whether the plaintiff's actions had the effect of attacking the integrity of the court." *Id.* (internal citation omitted).

It does not appear from the facts presented that any of the opt-in plaintiffs who missed their scheduled depositions acted in bad faith or with any malicious intent. In fact, Butterball concedes that at least some of the seven gave notice—albeit at the last minute—that they were unable to attend their scheduled depositions. The plaintiffs do not attempt to argue that the absences were unintentional, but they do note that several of the opt-in plaintiffs were contacted less than a week in advance of the scheduled depositions. Although the opt-in plaintiffs did agree to and schedule a time to be deposed, they were not necessarily informed that their claims could be dismissed if they failed to appear.

In light of these facts, the Court does not find that dismissal of these plaintiffs, after their first scheduled depositions, is warranted. *Compare Mallett v. Cty. of Dunklin*, No. 1:04CV174 LMB, 2007 WL 522308, at *1 (E.D. Mo. Feb. 14, 2007) (giving a plaintiff a second opportunity to appear for his deposition because, although the plaintiff admittedly intentionally failed to appear at his deposition, dismissal of his complaint would be drastic), *and Spencer v. Lawson Screen Prods., Inc.*, No. 4:05CV1280 TCM, 2006 WL 1752258, at *2 (E.D. Mo. Jun. 23, 2006) (awarding costs to the defendant instead of dismissing the plaintiff's claims after the plaintiff failed to appear for two depositions and requiring the plaintiff to appear at another deposition or face dismissal), *with Nash v. JBPM, Inc.*, Civ. No. 09-1437 (RHK/RLE), 2010 WL 2346605, at *2 (D. Minn. Jun. 9, 2010) (finding that, in light of plaintiff's history of delaying litigation, which culminated in the withdrawal of her own counsel due to failure to cooperate in discovery, dismissal was an appropriate sanction), *and Ludovissy v. Deere & Co.*, No. C09-1023, 2010 WL 649462, at *3 (N.D. Iowa Feb. 23, 2010) (finding dismissal with prejudice appropriate due to the plaintiff's complete lack of participating in any discovery, ignoring the court's order compelling discovery, failing to appear at a deposition, and

failing to respond to motions). Rather than dismissing the seven opt-ins who failed to appear for their scheduled depositions, the Court orders them to appear, if they are asked, for depositions at a later time.[1] *See Tanner*, 2009 WL 1455317, at *2-3 (noting that courts "should consider lesser sanctions" before imposing one that results in dismissal). Plaintiffs' counsel should instruct these opt-ins that failure to appear may result in a dismissal of their claims.

The Court also declines to sanction the seven opt-in plaintiffs by requiring them to pay fees and costs associated with their canceled depositions. While the opt-in plaintiffs failed to attend noticed depositions, ordering them to pay fees and costs would be "unjust" in the present circumstances. Fed. R. Civ. P. 37(d)(3); s*ee Luiken v. Domino's Pizza LLC*, Civil No. 09-516 (DWF/AJB), 2009 WL 4723296, at *6 (D. Minn. Dec. 2, 2009) (finding that it would be "a disproportionately severe sanction" to order an opt-in plaintiff, who was a delivery person, to pay reasonable expenses for missing his deposition).

For the reasons stated above, the defendant's motion to dismiss seven opt-in plaintiffs for failure to appear at their depositions is DENIED. Document #363.

IT IS SO ORDERED this 27th day of July, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] By this Order, the Court is in no way changing or altering the number of opt-in plaintiffs that Butterball is permitted to depose. To the extent that Butterball has yet to depose the total number of opt-in plaintiffs it is permitted, consistent with prior orders of this Court, it may depose the plaintiffs who were previously scheduled for depositions but failed to appear. *See* Document #296.