IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHEILA HELMERT, WILMA BROWN, and                                         PLAINTIFFS
LORI WEST, individually and on behalf of all others
similarly situated

v.                                    No. 4:08CV00342 JLH

BUTTERBALL, LLC                                                          DEFENDANT

**OPINION AND ORDER**

Pending before the Court is the plaintiffs' Motion to Enforce a Prior Order Compelling Production of Opt-in Personnel Records. On July 6, 2010, the plaintiffs filed a motion to compel the production of electronically stored data as well as employee time records (and personnel files if not already produced) for opt-in plaintiffs. Document #236. The Court granted that motion. Document #273. On March 11, 2011, the plaintiffs filed the current pending motion to enforce the Court's previous order, alleging that Butterball had refused to produce wage and time records for opt-in plaintiffs that pre-date January 2007.[1] The plaintiffs argued that Butterball has disregarded the prior court order and asked the Court to compel production of those records.

In its response, Butterball contended that the motion to enforce should be denied because Butterball did not have the records in its possession and control. Prior to October 2006, ConAgra Foods Packaged Foods Company, Inc., owned and operated the Huntsville and Ozark plants. Between October 2006 and December 2006, ConAgra administered payroll for Butterball's newly acquired employees at the Huntsville and Ozark plants. Butterball argued that discovery rules only require it to produce documents "in the responding party's possession, custody, or control," and the

---

[1] According to Butterball, the relevant time period for obtaining documents only extends to October 29, 2006; thus, the plaintiffs' motion concerns only approximately two month's worth of additional payroll records.

relevant documents were not in its possession or control. Fed. R. Civ. P. 34(a)(1). In the alternative, Butterball contended that the motion to enforce was moot because the plaintiffs had subpoenaed ConAgra for the relevant documents.

During a telephone conference on April 28, 2011, plaintiffs' counsel agreed that the Court could hold the plaintiffs' motion to enforce in abeyance because ConAgra had agreed to produce pre-January 1, 2007, wage and time records for the opt-in plaintiffs. By letter dated May 27, 2011, counsel for the plaintiffs informed the Court that ConAgra had discovered that it did not have the relevant records; Butterball did. In a letter dated June 2, 2011, counsel for Butterball admitted that it "made a mistake in representing to Plaintiffs and the Court that Butterball did not possess punch detail records prior to January 1, 2007. . . . This was an unintentional oversight." Counsel for Butterball stated that it would produce all relevant pre-2007 punch detail histories for the Huntsville employees prior to June 3, 2011.

To the extent that Butterball has not yet produced the wage and time records for opt-in plaintiffs that pre-date January 2007, and that are in its possession and control, the plaintiffs' motion to enforce is GRANTED, and Butterball is ordered to provide the records immediately. To the extent that Butterball has already produced the records, the motion to enforce is DENIED as moot. Document #323.

IT IS SO ORDERED this 27th day of July, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE