IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SHEILA HELMERT, WILMA BROWN, PLAINTIFFS
and LORI WEST, on behalf of themselves
and others similarly situated

v.  No. 4:08CV00342 JLH

BUTTERBALL, LLC  DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ROXIE GARNER, ROY GARNER, PLAINTIFFS
MIGUEL ANGUIANO ARAUJO,
CHRISTOPHER SMITH, JOHN SNARR,
and JASON FOSTER, on behalf of themselves
and others similarly situated

v.  No. 4:10CV01025 JLH

BUTTERBALL, LLC; and
GARY R. LENAGHAN  DEFENDANTS

## ORDER OF FINAL APPROVAL AND FINAL JUDGMENT

Upon consideration of the Parties' Joint Motion for Final Approval of the Class and Collective Action Settlement (*Helmert* ECF # 468; *Garner* ECF #189) and Plaintiffs' Motion for Attorneys' Fees, Costs and Expenses (*Helmert* ECF # 469; *Garner* ECF #190), and their supporting memoranda, exhibits, and declarations, and

It appearing that

1. The settlement is fair and reasonable;

2. The Notice of the Proposed Settlement and an opportunity to object was sent as directed to all class members with addresses, and that no class member opted out of the settlement and no class member objected to the terms of the settlements, including the service payments or the attorneys' fees and costs; and

3. Class Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and Class Members' claims; Class Counsel are experienced class action employment lawyers and have extensive experience prosecuting and settling wage and hour class actions; and that Class Counsel has performed and demonstrated

their commitment to the Class and to representing the Class's interests, and that Class Counsel has committed substantial resources to prosecuting this case.

**It is therefore ORDERED that**

1. The Parties' class-wide Settlement Agreement is fair and reasonable and is hereby approved;

2. The Plaintiffs' request for service payments of $6,000 for each of the Named Plaintiffs and $1,000 for each plaintiff who was deposed is approved;

3. Class Counsel's request for attorneys' fees and costs in the amount of $3,030,000 is reasonable and is approved;

4. Payment of attorneys' fees, costs and service payments shall be transmitted to Class Counsel as provided in the Settlement Agreement;

5. Butterball will, in the future, comply with and submit filings concerning the future injunctive relief as set forth in the Settlement Agreement;

6. Simpluris, Inc shall mail payments by check to Class Members within fourteen (14) calendar days of the Settlement Effective Date as defined in paragraph 18 of the Settlement Agreement;

7. Class Members shall have one hundred twenty (120) calendar days after the date of mailing to cash their settlement checks as more fully set forth in the Settlement Agreement;

8. If any checks are returned as undeliverable, Simpluris, Inc shall update Class Members' last known mailing address through the National Change of Address program certified by the United States Postal Service and other standard skip trace methods and will re-send the check to the new address and will further notify the Parties' counsel of the issue as more fully set forth in the Settlement Agreement;

9. If any Class Members do not cash their checks within 120 days after mailing of the checks by Simpluris, Inc and their check is not returned, their checks will be void and a stop-payment will be placed. If any redistributed checks are again returned as undeliverable, their checks will be void and a stop-payment will be placed. In such event, those Class Members will be deemed to have waived irrevocably any right in or claim to a settlement share, but the Settlement Agreement nevertheless will be binding upon them;

10. The form and content of the Notice of Proposed Settlement previously approved by this Court was adequate and proper and comported with Due Process;

11. Pursuant to the Settlement Agreement paragraph 14, final judgment is entered with respect to the approval of all terms of the Settlement Agreement, with respect to the merits and with prejudice to the individual or Class claims released hereunder. There is no just reason for delay in the entry of this judgment, and the time to appeal any aspect of the final approval of the Settlement Agreement shall commence forthwith; and

12. The District Court retains jurisdiction solely for purposes of post-judgment enforcement of the Settlement Agreement including receipt and filing of affidavits confirming implementation of future injunctive relief as more fully set forth in the Settlement Agreement.

JUDGMENT IS HEREBY ENTERED ACCORDINGLY this 9th day of November, 2012.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE